UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

QUEEN SAINT CONNIE FRANCES
WHIGUM KING SAINT THOMAS
JEFFERSON E DAVIS

    Plaintiff,

v.                                                 Case No. 3:15cv94/MCR/CJK

ERIC HOLDER, JR., et al.,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

    Plaintiff, proceeding *pro se*, initiated this case on March 12, 2015, by filing the following documents: (1) an "Emergency, Immediate Motion for Immediate Response for Reopening Order 3/04/15, U.S.District Court Chief Judge's Order Dated 3/06/15 . . ." (doc. 1); (2) a motion to proceed *in forma pauperis* (doc. 2); (3) a document titled "Emergency Medical Demand to Transfer This Reopened Related Case Back to Magistrate E. Timothy . . ." (doc. 3); a document titled "Medical Emergency Motion to U.S. Courts, Chief Judge MC Rogers [sic] Magistrate E. Timothy" (doc. 4); and a document titled "Emergency Motion to Correct the Caption of the Case Docket . . ." (doc. 5). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc.

R. 72.2(E).  After careful consideration, the undersigned concludes that this action should be dismissed as malicious for plaintiff's abuse of the judicial process.  Leave to proceed *in forma pauperis* will be granted for the limited purpose of dismissing this action.

Plaintiff is a resident of Bagdad, Florida.  Plaintiff's motions are largely incomprehensible, but one thing is clear.  Plaintiff filed this lawsuit in response to Chief District Judge Rodgers' March 6, 2015 Order denying plaintiff's motion to reopen Case No. 3:14cv509/MCR/EMT, and prohibiting plaintiff from filing any further documents in that case. *See Whigum v. United States of America, et al.*, Case No. 3:14cv509/MCR/EMT, Doc. 30.  Judge Rodgers' order provided:

> The requested relief [to reopen the case] is DENIED.  The case before this Court is closed and the Court is without authority to reopen the case.  The time for appeal to the United States Court of Appeals for the Eleventh Circuit has expired.  No further documents will be accepted for filing in this case.

*See* Case No. 3:14cv509, Doc. 30.[*]

Savvy enough to understand that order, plaintiff has opened another case, solely for the purpose of continuing an ill-advised effort that was wisely halted by Chief Judge Rodgers' order.  Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Plaintiff filed this lawsuit, in bad faith, in an attempt to avoid Judge Rodgers' order forbidding further filings in Case No. 3:14cv509.

---

[*] That case had been previously dismissed as "indisputably meritless." *Whigum*, Doc. 11, Report and Recommendation Adopted by Doc. 20.

*Case No: 3:15cv94/MCR/CJK*

Plaintiff's use of the judicial process for the purposes of circumventing a court order and continuing a proscribed campaign to reopen Case No. 3:14cv509/MCR/EMT, is an abuse of the process.

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITH PREJUDICE as malicious under 28 U.S.C. § 1915(e)(2)(B)(i), for plaintiff's abuse of the judicial process.

2. That all pending motions be DENIED as moot.

3. That the clerk be directed to close the file and to return to plaintiff without filing any other documents plaintiff submits for filing relating to, or seeking to reopen, Case Number 3:14cv509/MCR/EMT.

At Pensacola, Florida this 16th day of March, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).